**Ralph D. HARRIS and Joan F. Harris, his wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. CV183–077.**

United States District Court, S.D. Georgia, Augusta Division.

March 21, 1984.

Darrell F. Brown, Darrell F. Brown & Associates, P.A., Little Rock, Ark., J. Patrick Claiborne, William H. Cooney, Augusta, Ga., for plaintiffs.

Lawrence Sherlock, Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER

BOWEN, District Judge.

During the taxable year of 1979, the plaintiffs in the above styled case resided in the territory within the Republic of Panama that formerly constituted the Canal Zone. They worked for, and received a salary from, the Panama Canal Commission. At the appropriate time, they filed a joint federal income tax return and paid the taxes allegedly due for 1979.

In 1980, the plaintiffs filed a refund claim for excessive taxes paid in 1979 in the amount of $6,647.00. The claim showed a decrease in total income which represented salaries received from the Panama Canal Commission between October 1, 1979, and December 31, 1979. The Internal Revenue Service disallowed this refund claim, and the plaintiffs initiated this civil suit. Presently before the Court are motions from the plaintiffs and the defendant for summary judgment.

The issue involves the Panama Canal Treaty, which became effective on October 1, 1979. In the agreement in Implementation of Article III of the Panama Canal Treaty, Article XV—which is entitled "Taxation"—reads as follows:

### TAXATION

1. By virtue of this Agreement, the Commission, its contractors and subcontractors, are exempt from payment in the Republic of Panama of all taxes, fees or other charges on their activities or property.

2. United States citizen employees and dependents shall be exempt from any taxes, fees, or other charges on income received as a result of their work for the Commission. Similarly, they shall be exempt from payment of taxes, fees or other charges on income derived from sources outside the Republic of Panama.

3. United States citizen employees and dependents shall be exempt from taxes, fees or other charges on gifts or inheritance or on personal property, the presence of which within the territory of the Republic of Panama is due solely to the stay therein of such persons on account of their or their sponsor's work with the Commission.

4. The Coordinating Committee may establish such regulations as may be appropriate for the implementation of this Article.

The plaintiffs in their motion for summary judgment claim that the second paragraph of Article XV exempts them from any taxation by the United States government on the income that they received from the Panama Canal Commission. The defendant contends that paragraph two allows an exemption only from Panamanian taxes, rather than United States taxes. In support of its position, the government cites *Corliss v. United States*, 83–2 U.S. T.C., ¶ 9447 (W.D.Ark.1983).

Paragraph two of Article XV is unmistakably clear. I disagree with the *Corliss* court. I read this paragraph as being subject to or needful of no interpretation. It says what it says. That is: "United States citizen employees shall be exempt from any taxes, fees, or other charges on income received as a result of their work for the Commission." Even more, it goes on to state that "they [United States citizen employees] shall be exempt from payment of taxes, fees or other charges on income derived from sources outside the Republic of Panama." Regardless of the President's and the Senate's misunderstanding of the effect of the treaty, this provision exempts from taxation all income received as a result of work done for the Panama Canal Commission.

I have no quarrel with the authorities cited by the *Corliss* court; however, I disa-gree strongly with the holding and the suggestion that paragraph two of Article XV requires an interpretation. It is unambiguous, even in the context of paragraphs one, three and four which deal with other subject matters.

This problem was raised on the floor of the Senate and that body left the troublesome language as it was. I cannot strain now to favor the defendant by voicing an interpretation which would achieve a result which could have been assured by the timely insertion of a few words.*

There is no genuine issue as to any material fact, and the plaintiffs are entitled to judgment as a matter of law. The plaintiffs' motion for summary judgment is GRANTED, and the defendant's motion is DENIED.

---

* I have read, in Spanish, the correspondence and affidavits appended to the supplemental memorandum filed by plaintiffs on March 8, 1984. It appears that there was no confusion on the Panamanian side of the treaty as to the effect of Paragraph 2 of Article XV. It would take a higher intellect than mine to construe confusion where there is so much clarity in the language utilized.