GEORGE H. and MARITZA L. BERGMANN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bergmann v. Commissioner
Docket No. 12263-84.
United States Tax Court
T.C. Memo 1985-290; 1985 Tax Ct. Memo LEXIS 345; 50 T.C.M. (CCH) 158; T.C.M. (RIA) 85290; June 17, 1985. *345 George H. Bergmann and Maritza L. Bergman, pro se. Randye R. Daser, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case is before us on respondent's motion for summary judgment filed January 14, 1985. This motion was set for hearing in Columbia, South Carolina, on March 4, 1985. Pursuant to petitioners' request, they were excused by order of the Court dated February 22, 1985, from appearing at the hearing and were allowed to May 8, 1985, to file a reply to respondent's memorandum in support of his motion for summary judgment and directed to specifically state whether they disagreed with any of the facts as outlined in that memorandum. Petitioners have filed no reply. We therefore base our findings here on allegations in the petition which are admitted in respondent's answer and the facts set forth in the affidavit submitted with respondent's motion for summary judgment. The issue for decision as presented by respondent's motion is whether the wages received by one of the petitioners during 1982 from the Panama Canal Commission are exempt from Federal taxation under Article XV of the Agreement in Implementation of Article III *346 of the Panama Canal Treaty of 1977, T.I.A.S. 10031. Since petitioners filed no response to the facts set forth in the memorandum attached to respondent's motion for summary judgment, we assume that they do not question those facts. A motion for summary judgment is appropriate in cases where there is no genuine issue as to any material facts and a decision may be rendered as a matter of law. Rule 121(b), Tax Court Rules of Practice and Procedure; Espinoza v. Commissioner,78 T.C. 412, 416 (1982). Since there is no issue of material facts in the instant case based on the admitted allegations of the petition and the facts set forth in the affidavit filed by respondent which petitioners do not deny, this is an appropriate case to dispose of on the basis of a motion for summary judgment. The facts here show that petitioners are husband and wife who filed a joint Federal income tax return for the calendar year 1982. At the time of filing their petition in this case petitioners resided in Balboa, Panama. On their Federal income tax return for the calendar year 1982, the only income reported by petitioners was wages, salaries, tips, etc., of $35,732.28. The *347 W-2 forms attached to their return show that this amount consisted of $5,643.14 of retired pay received by George H. Bergmann (petitioner) from the Navy Finance Center and $30,089.14 received by petitioner as wages from the Panama Canal Commission. On their return for 1982, petitioners reduced the wages and salaries reported by $30,089.14 with the explanation "Panama Canal Treaty Exclusions--see attached papers," leaving reported taxable income of $5,643.14. The attachments to petitioners' return, as well as attachments to their petition, showed that they were claiming to be exempt from United States income tax pursuant to the terms of Article XV of the Agreement in Implementation of Article III of the Panama Canal Treaty of 1977, T.I.A.S. 10031 (the agreement). Respondent, in the notice of deficiency issued to petitioners, determined a deficiency in their income tax for the calendar year 1982 in the amount of $6,226 with the explanation that the exclusion claimed for income received while working in the Panama Canal Zone was disallowed. Petitioners' position in this case is precisely the position taken by the taxpayers in McCain v. Commissioner,81 T.C. 918 (1983), *348 and Smith v. Commissioner,83 T.C. 702 (1984). In both the McCain case and the Smith case we held that the agreement in implementation of the Panama Canal Treaty does not exempt an American citizen from United States income tax on wages received from the Panama Canal Commission. In both of those cases we concluded that even though the literal language of paragraph 2 of Article XV of the agreement might be read to grant an exemption from United States income tax with respect to wages earned from the Panama Canal Commission, the proper interpretation of Article XV was to the contrary. Paragraph 2 of Article XV of the agreement reads: United States citizen employees and dependents shall be exempt from any taxes, fees, or other charges on income received as a result of their work for the Commission. * * * In both the McCain and Smith cases we pointed out that when this paragraph is read in the context of paragraphs 1 and 3 of Article XV of the agreement, it does not clearly grant the exemption claimed by petitioners. In both the McCain case the Smith case, we explained in detail the reasons for our conclusion, and we deem it *349 unnecessary to discuss these reasons in detail again. Rather, we rely on our reasoning in those cases to sustain respondent's position in the instant case. In a number of cases cited in the McCain case and the Smith case, United States District Courts have reached the same conclusion that we reached in the McCain and Smith cases. One United States District Court reached a contrary conclusion and that case is now on appeal. Harris v. United States,585 F.Supp. 862 (S.D. Ga. 1984), on appeal (11th Cir. June 8, 1984). Petitioner relies primarily on Coplin v. United States,6 Cl. Ct. 115 (1984), which also reached a conclusion contrary to our conclusion in the McCain and Smith cases. The Coplin case was recently reversed by the United States Court of Appeals for the Federal Circuit, 761 F.2d 688 (1985). We conclude that petitioner is not entitled to exclude from his taxable income for the calendar year 1982 the wages he received from the Panama Canal Commission. We therefore grant respondent's motion for summary judgment. An appropriate order and decision will be entered.