Paul L. **SKRABLE** and Yvonne N. Skrable, Appellants,

v.

**UNITED STATES of America, Appellee.**

No. 85–1743.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 9, 1987.

Decided Feb. 17, 1987.

Phillip A. Moon, Fayetteville, Ark., for appellants.

Michael L. Paup, Washington, D.C., for appellee.

Before ROSS, BOWMAN and MAGILL, Circuit Judges.

## PER CURIAM.

Paul L. and Yvonne N. Skrable filed suit in district court[1] for the recovery of federal income taxes paid for 1980 in the amount of $15,938.66. Paul Skrable is a citizen of the United States, domiciled in Arkansas at the time of his complaint. During 1980 the Skrables resided in the Panama Canal Zone of the Republic of Panama. Paul Skrable was employed by the Panama Canal Commission. The Skrables timely paid their income tax for 1980 but filed for a refund based on Article XV of the Agreement in Implementation of Article III of the Panama Canal Treaty.[2] Their refund was denied by the IRS. The district court granted summary judgment in favor of defendant United States. Relying primarily on its prior decision in *Corliss v. United States*, 567 F.Supp. 162 (W.D.Ark.1983), and other cases employing similar reasoning, the district court interpreted § 2 as exempting the appellants from Panamanian but not United States taxation. We affirm the order of the district court.

The Skrables interpreted the "any taxes" language in § 2 of Article XV as exempting them from both Panamanian and United States taxation. The Skrables submitted affidavits of "key" Panamanian officials stating that § 2 was intended to exempt United States citizens working for the Commission and their dependents from both countries' taxation. The Skrables argue that the government's interpretation fails to consider intent of the Panamanians as reflected in the affidavits. In other sections of the treaty documents the parties were careful to specify which country's taxes were meant. The omission of any qualifying language, the Skrables argue, indicates that the intent was to exempt U.S. citizen employees from United States and Panamanian taxation.

The Skrables rely on the claims court opinion in *Coplin v. United States*, 6 Cl.Ct. 115 (1984) and on *Harris v. United States*, 585 F.Supp. 862 (S.D.Ga.1984). The *Coplin* opinion was reversed by the Federal Circuit, *Coplin v. United States*, 761 F.2d 688 (Fed.Cir.1985), which was upheld by the Supreme Court, *O'Connor v. United States*, —— U.S. ——, 107 S.Ct. 347, 93 L.Ed.2d 206 (1986). Judgment in the *Harris* case, affirmed by the Eleventh Circuit, *Harris v. United States*, 768 F.2d 1240 (11th Cir.1985), was vacated by *United States v. Harris*, —— U.S. ——, 107 S.Ct. 450, 93 L.Ed.2d 398 (1986).

In *O'Connor, supra*, the Supreme Court held that Article XV applies only to Panamanian taxes, and hence petitioners were not entitled to refunds of the United States income taxes paid. The Court said the first section of Article XV "establishes the context for the discussion of tax exemptions in the entire Article—so that when §§ 2 and 3 state that 'United States citizen employees * * * shall be exempt' from taxes they are understood to be dealing only with taxes payable in Panama." *O'Connor, supra*, 107 S.Ct. at 350.

Unless one posits the ellipsis of failing to repeat, in each section, § 1's limitation to

---

1. The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

2. ARTICLE XV
TAXATION

1. By virtue of this Agreement, the Commission, its contractors and subcontractors, are exempt from payment in the Republic of Panama of all taxes, fees or other charges on their activities or property.

2. United States citizen employees and dependents shall be exempt from any taxes, fees, or other charges on income received as a result of their work for the Commission. Similarly, they shall be exempt from payment of taxes, fees or other charges on income derived from sources outside the Republic of Panama.

3. United States citizen employees and dependents shall be exempt from taxes, fees or other charges on gifts or inheritance or on personal property, the presence of which within the territory of the Republic of Panama is due solely to the stay therein of such persons on account of their or their sponsor's work with the Commission.

4. The Coordinating Committee may establish such regulations as may be appropriate for the implementation of this Article.

taxes "in the Republic of Panama," the Article takes on a meaning that is utterly implausible and has no foundation in the negotiations leading to the Agreement. For if the first sentence of § 2 refers to United States as well as Panamanian taxes, then the second sentence of § 2, and the totality of § 3, must do so as well— with the consequence that United States citizen employees and their dependents would be exempt not only from United States income tax on their earnings from the Commission, but also from United States income tax on all income from sources outside Panama (*e.g.*, United States bank accounts), and from all United States gift and inheritance taxes.

*Id.* The order of the district court granting summary judgment in favor of the United States is hereby affirmed.