852 F.2d 1293
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dwight A. McKABNEY and Mercedes P. McKabney, Plaintiffs-Appellants,
Mercer J. TYLER and Miyoja Tyler, Plaintiffs,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1219.
 United States Court of Appeals, Federal Circuit.
 June 20, 1988.
 
 Before BISSELL, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The order of the United States Claims Court, No. 31-86T (Dec. 3, 1987), dismissing Dwight A. and Mercedes P. McKabney's claim for an income tax refund, is affirmed.
 
 OPINION
 
 2
 The McKabneys' claim is foreclosed by the Supreme Court's decision in O'Connor v. United States, 107 S.Ct. 347 (1986). There, the Court held that while Article XV(2) of the Agreement in Implementation of Article III of the Panama Canal Treaty exempted Commission salaries from taxation by Panama, it did not exempt them from taxation by the United States. The Court said that the first section of Article XV "establishes the context for the discussion of tax exemptions in the entire Article--so that when Secs. 2 and 3 state that 'United States Citizen employees ... shall be exempt' from taxes they are understood to be dealing only with taxes payable in Panama." Id. at 350. Therefore, there is no merit to the argument that the income McKabney earned while working for the Commission should be exempt from United States taxation. See Skrable v. United States, 811 F.2d 1202, 1203 (8th Cir.1987) ("Article XV applies only to Panamanian taxes, and hence petitioners [are] not entitled to refunds of the United States income taxes paid").
 
 
 3
 The McKabneys contend that the Claims Court should have given them an evidentiary hearing to present "new" evidence showing that O'Connor is wrong. But the Supreme Court had much of this allegedly new evidence before it when it decided O'Connor; apparently it found that evidence unpersuasive. In any event, treaty interpretation " 'is a question of law and not a matter of fact,' " Strong v. United States, 518 F.2d 556, 563 (Ct.Cl.1975) (quoting Citizen Band of Potawatomi Indians v. United States, 391 F.2d 614, 618 (Ct.Cl.1967)), and, like the Claims Court, we are bound to apply the Supreme Court's unequivocal interpretation of Article XV(2) of the Implementation Agreement. See, e.g., United States v. Mason, 412 U.S. 391, 396 (1973).